UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| REBECCA R. BIBBS,<br><br>      Plaintiff,<br><br>   v.<br><br>CNHI, LLC, d/b/a THE (ANDERSON, IND.) HERALD BULLENTIN,<br><br>      Defendant. | Case No. 1:22-cv-01819-SEB-MKK |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO STRIKE AND/OR TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

The Defendant, sued as CNHI, LLC, d/b/a The (Anderson, Ind.) Herald Bulletin ("CNHI"),[1] by counsel, respectfully submits this Memorandum of Law in Support of Its Motion to Strike and/or to Dismiss Plaintiff's Amended Complaint.

### I.    INTRODUCTION

Plaintiff Rebecca Bibbs ("Bibbs") has improperly filed an Amended Complaint that seeks relief under Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981 of the Civil Rights Act of 1866 ("Section 1981"). Bibbs asserts the same claims against CNHI of discrimination and retaliation as she did originally, adds a new hostile work environment claim, and attempts to name CNHI employees Scott Underwood ("Underwood"), Beverly Joyce

---

[1] Plaintiff Bibbs has named CNHI as "CNHI, LLC, d/b/a The (Anderson, Ind.) Herald Bulletin" but also appears to reference "CNHI, LLC" and "The (Anderson, Ind.) Herald Bulletin newspaper" separately. (*See* Dkt. 16, Amended Complaint ("Am. Compl.") ¶¶ 13-14.) The Herald Bulletin is the name of the newspaper owned by CNHI, LLC. While it appears Bibbs' intent is to sue the LLC and note a d/b/a name, to the extent she is attempting to sue the multiple corporate entities identified, this Motion to Dismiss is made by all of the corporate Defendant entities.

("Joyce"), and Terrence Alexander ("Alexander") individually.[2]  She alleges she was removed from reporting on Anderson Community Schools as a form of discrimination based on her race (African-American) and sex (female) and retaliation and subjected to a hostile work environment. Bibbs' original Complaint was full of conclusory statements and unsupported allegations, and her Amended Complaint is no different and should be stricken and/or dismissed.

As a procedural matter, Bibbs has not filed a motion for leave to amend her Complaint as the applicable rules and this Court's orders required her to do.  She missed the deadline for amending pleadings the Court set and has not offered any justification.  All of the alleged facts Bibbs needed to plead her original Complaint and now her Amended Complaint were available to her the day she filed the lawsuit.  For these reasons alone, her Amended Complaint should be stricken and/or dismissed.

Substantively, Bibbs' claims fail because Bibbs fails plausibly to assert any form of actionable adverse employment action required for her discrimination or retaliation claims to proceed.  Her new Title VII hostile work environment claim fails because it was not asserted in her predicate EEOC Charge and thus is barred due to Bibbs' failure to pursue and exhaust required administrative remedies.  Moreover, Bibbs has not plead any alleged conduct sufficient to state a claim for hostile work environment under any legal theory.  Bibbs alleges no facts that permit any possible inference of Defendant liability for any unlawful conduct.  As such, her Amended Complaint fails plausibly to state a claim for relief and should be dismissed in its entirety.

---

[2] There is no evidence Bibbs has served a Summons and the Amended Complaint on these individuals.  While they do not have an obligation to respond to the Amended Complaint and CNHI files this motion on its behalf, CNHI notes Bibbs' claims against these individuals would fail for the same reasons as her claims against CNHI (as well as for additional reasons, such as the lack of individual liability under Title VII).

## II. RELEVANT FACTUAL ALLEGATIONS

CNHI employed Bibbs as a reporter from April 14, 2015, until October 28, 2022. (Am. Compl. ¶ 4.) Bibbs covered a wide range of beats, including Anderson Community Schools, as well as 10 other schools and districts serving Madison County and nearby communities. (*Id.* ¶ 10.) On March 8, 2021, CNHI removed Bibbs from covering Anderson Community Schools (the "ACS beat") but she continued to cover her other beats. (*Id.* ¶ 10.) According to Bibbs, CNHI claimed its reassignment of the ACS beat was a business, rather than a journalistic, decision. (*Id.* ¶ 35.)

## III. LEGAL STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007)); *accord McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2013) (a complaint "must contain 'allegations plausibly suggesting (not merely consistent with)' an entitlement to relief"). The complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "[A] formulaic recitation of the elements of a cause of action," and "naked assertions" without supporting facts are inadequate. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). In other words, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *McCauley*, 671 F.3d at 616 (citation omitted).

As the Seventh Circuit has explained, there are two "hurdles" a plaintiff must clear to survive a motion to dismiss. First, the complaint must provide enough detail to give the defendant fair notice of the basis of the claim against it. Second, the complaint must include factual allegations that raise the possibility of the plaintiff's entitlement to relief "above a speculative

3

level." *Equal Emp't Opportunity Comm'n v. Concentra Health Svcs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).

## IV.   ARGUMENT

Bibbs' original Complaint failed to plead facts sufficient to state claims for relief, and her Amended Complaint fairs no better.  Moreover, it has additional procedural and substantive deficiencies that warrant it be stricken and/or dismissed.

**A.   Bibbs Has Improperly Amended Her Complaint Without Leave of the Court.**

As an initial matter, Bibbs has improperly filed her Amended Complaint.  She has failed to follow the Court's December 6, 2022 Scheduling Order (Dkt. 16), which states:

> **Amend Pleadings: On or before February 10, 2023**
> Any party who wants to amend its Complaint, Answer, or other pleading must file the amended pleading by the above deadline.  This includes adding new parties to the suit.  After this deadline, a party seeking to amend a pleading must file a motion for leave to amend with the proposed amended pleading attached.  If Plaintiff seeks to amend his or her Complaint, the proposed Amended Complaint must contain all claims against all Defendants and stand complete on its own.  The proposed Amended Complaint, if accepted, will replace the prior Complaint in its entirety.  The motion for leave to an Amended Complaint must explain how the Amended Complaint differs from the most recently filed Complaint and explain why it was not amended within the above deadline.

(Dkt. 16 at 2-3 (emphasis in original).)  The Court received and filed Bibbs' Amended Complaint on February 22, 2023, almost two weeks past the February 10 deadline the Court had set for amending pleadings.[3]  Moreover, Bibbs was required to file a motion for leave to amend her Complaint explaining the differences in the two Complaints and why she did not amend by the proscribed deadline.  Bibbs failed to file such motion, simply filing her Amended Complaint

---

[3]   According to her Certificate of Service, Bibbs mailed her Amended Complaint to counsel for CNHI on February 18, 2023.  (Dkt. 29 at 18.)  But her Amended Complaint is not postmarked until February 21, 2023.  (Dkt. 29-2.)  The Court's ECF notification and docket note a filing date of February 22, 2023.  No matter which date is considered, Bibbs missed the February 10 pleading amendment deadline.

4

without seeking leave.[4] For these reasons alone, the Amended Complaint should be stricken and/or dismissed.

**B.      Bibbs' Discrimination Claims Fail.**

Bibbs' discrimination claims should be dismissed because they consist of nothing more than legal conclusions and speculation without anything that plausibly shows intentional unlawful discriminatory acts. Moreover, Bibbs alleges no facts to support a conclusion that she suffered an adverse employment action. Thus, her discrimination claims should be dismissed pursuant to Rule 12(b)(6).

To establish a discrimination claim based on her race or sex, Bibbs must establish: (1) she is a member of a protected class; (2) her job performance met the employer's legitimate expectations; (3) she suffered an adverse employment action; and (4) another similarly situated individual who was not in the protected class was treated more favorably than her. *Coleman v. Donahoe*, 667 F.3d 835, 845 (7th Cir. 2012).[5] While Bibbs cannot meet her burdens of proof with regard to the elements of her claims, it is particularly noteworthy Bibbs cannot establish that she suffered an adverse employment action.

Bibbs appears to allege she suffered two adverse employment actions: (1) she was removed from the ACS beat (Am. Compl. ¶ 49), and (2) management criticized her performance, including questioning her use of sources (Am. Comp. ¶ 24) and engaging in "tone policing" (Am. Compl. ¶ 33). However, neither is a legally actionable adverse employment action that can give rise to a discrimination claim. "An adverse employment action is one that significantly alters the terms and

---

[4]     Bibbs did not amend her Complaint in compliance with Fed. R. Civ. P. 15(a), which allows a plaintiff to amend once as a matter of course within 21 days of serving the Complaint (September 13, 2022) or service of CNHI's Motion to Dismiss her original Complaint (November 3, 2022).

[5]     "Claims under Title VII and § 1981 are analyzed in the same manner, and therefore case law addressing one type of claim applies to both types." *Paschall v. Tube Processing Corp.*, 28 F.4th 805, 814 (7th Cir. 2022).

conditions of the employee's job." *Griffin v. Potter*, 356 F.3d 824, 829 (7th Cir. 2004). It must be "something more disruptive than a mere inconvenience or an alteration of job responsibilities." *Nichols v. S. Illinois Univ.-Edwardsville*, 510 F.3d 772, 780 (7th Cir. 2007). At the very least, a plaintiff "must show some quantitative or qualitative change in the terms or conditions of his employment or some sort of real harm." *Nagle v. Vill. of Calumet Park*, 554 F.3d 1106, 1116-17 (7th Cir. 2009). For instance, a "materially adverse change" may include "a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation." *Crady v. Liberty Nat'l Bank & Trust Co.*, 993 F.2d 132, 136 (7th Cir. 1993). "While adverse employment actions extend beyond readily quantifiable losses, not everything that makes an employee unhappy is an actionable adverse action." *O'Neal v. City of Chicago*, 392 F.3d 909, 911 (7th Cir. 2004). None of Bibbs' assertions meets these qualifications.

First, CNHI's reassignment of the ACS beat is not an actionable adverse action. Bibbs does not allege her compensation or benefits changed as a result of her removal from the ACS beat, nor does she allege she was discharged or demoted. In fact, Bibbs admits the reassignment did not even constitute a reprimand. (Am. Compl. ¶ 36.) Bibbs only states she "suffered quantitative and qualitative change in terms of the conditions of her employment and suffered real and materially adverse harm," (Am. Compl. ¶ 51), but such conclusory allegations are insufficient to support her claim. *Twombly*, 550 U.S. at 555. She fails to allege how the change in her beat assignments materially altered the terms and conditions of her employment. *See Griffin*, 356 F.3d at 829. "[C]hanges in job assignments," without more, "do not constitute 'materially adverse employment actions' under Title VII." *Renfroe v. IAC Greencastle, LLC*, 385 F. Supp. 3d 692,

6

709 (S.D. Ind. 2019). Bibbs must allege more than her dislike for or disagreement with the change in her beat assignment to establish a legally actionable adverse employment action. *See Vance v. Ball State Univ.*, 646 F.3d 461, 474 (7th Cir. 2011). Similar to a lateral transfer, Bibbs' change in beat assignments did "not involve a demotion in form or substance" and thus "cannot rise to the level of a materially adverse employment action." *Williams v. Bristol-Myers Squibb Co.*, 85 F.3d 270, 274 (7th Cir. 1996).

While Bibbs asserts her removal from the ACS beat affected her reputation (Am. Compl. ¶ 50), public perception of her reassignment is still not an actionable adverse action. *See Hunt v. Kelly Services, Inc.*, No. 1:20-cv-01521-TWP-MG, 2022 WL 4259946, at *7 (S.D. Ind. Sept. 15, 2022) (granting motion to dismiss, finding exclusion from teaching in township of his preference, while allegedly affected his reputation in the community, was not an adverse employment action); *see also Spring v. Sheboygan Area Sch. Dist.*, 865 F.2d 883, 886 (7th Cir. 1989) ("[P]ublic perceptions [are] not a term or condition of . . . employment); *Madlock v. WEC Energy Grp., Inc.*, 885 F.3d 465, 471 (7th Cir. 2018) ("Madlock's co-workers . . . may have viewed the transfer as a demotion or a humiliation, but their opinions about Madlock's work situation are not a term of Madlock's employment); *Flaherty v. Gas Rsch. Inst.*, 31 F.3d 451, 457 (7th Cir. 1994) (finding plaintiff's "bruised ego" resulting from lateral transfer was insufficient to establish adverse employment action).

To the extent Bibbs asserts CNHI's denial of her request to be reassigned to the ACS beat is an adverse action (Am. Compl. ¶ 37), it is also not actionable. The denial of an assignment, without more, does not rise to the level of an adverse action. *See Henyard v. MV Transportation*, No. 15 C 10835, 2019 WL 1399953, at *5 (N.D. Ill. Mar. 28, 2019) (granting motion to dismiss, finding plaintiff's denial of assignments that ultimately changed the quality of the job were not

materially adverse); *see also Traylor v. Brown*, 295 F.3d 783, 789 (7th Cir. 2002) (finding employer's denial of plaintiff's request for job duties not an adverse employment action because the employee was not fired, demoted, or disciplined, and her pay was not affected, and her job responsibilities did not materially diminish).

Second, management's criticism of Bibbs' performance is equally insufficient to establish an adverse employment action. Bibbs alleges Underwood questioned her repeated use of a source (Am. Compl. ¶ 25) and that management engaged in "tone policing" by having an issue with how Bibbs acted (Am. Compl. ¶ 33). The Seventh Circuit repeatedly has held that "[u]nfair reprimands or negative performance reviews, unaccompanied by tangible job consequences," are not materially adverse employment actions. *Boss v. Castro*, 816 F.3d 910, 919 (7th Cir. 2016); *see also Gupta v. City of Chicago*, No. 16 C 9682, 2017 WL 2653144, at *3 (N.D. Ill. June 20, 2017) (granting motion to dismiss, finding negative performance reviews not actionable adverse employment action). These informal criticisms, which are not accompanied by any tangible employment consequence such as a demotion or termination, do not even amount to a formal performance review. "If a negative formal performance review is not materially adverse standing alone, then a supervisor's informal verbal critique even more clearly is not." *Gupta*, 2017 WL 2653144, at *5. *See also Bailey v. Brennan*, No. 14 C 07833, 2016 WL 4493452, at *14 (N.D. Ill. Aug. 26, 2016) (finding job discussions are not adverse employment actions). Bibbs cannot plausibly allege she suffered an actionable adverse employment action, and her Amended Complaint does not fix this critical deficiency. Moreover, there simply is nothing plead in the Amended Complaint that demonstrates any intentional unlawful discriminatory act. As such, her discrimination claims should be dismissed.

### C. Bibbs' Retaliation Claims Fail.

Bibbs also fails to state a claim for retaliation. To succeed on a retaliation claim, Bibbs must show: (1) she engaged in protected activity; (2) she suffered an adverse action; and (3) there was a causal connection between the two. *See Wetzel v. Glen St. Andrew Living Community, LLC*, 901 F.3d 856, 868 (7th Cir. 2018). Moreover, she must meet the high bar of proving but-for causation. *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2528 (2013). Simply put, the proper inquiry is whether the complaint contains sufficient evidence to permit a reasonable factfinder to conclude that retaliatory motive caused the adverse action. *See Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016). Bibbs' allegations do not permit such an inference.

While Bibbs alleges CNHI failed to reassign her to the ACS beat as a form of retaliation, she does not allege what that alleged retaliation was in response to. (Am. Compl ¶ 49.) Bibbs has attached an email as "Exhibit 5" to her Amended Complaint, in which Bibbs emailed Joyce and Underwood on February 18, 2021, alleging "bias against a reporter of color." Yet nowhere in the actual Amended Complaint does Bibbs discuss this or how it purportedly was the but-for cause of an adverse action. This warrants dismissal of her retaliation claims.

Like her discrimination claims, Bibbs' retaliation claim also fails because she cannot prove she suffered an adverse action. While an adverse action for retaliation purposes "need not be one that affects the terms and conditions of employment," it "must be one that a reasonable employee would find to be materially adverse such that the employee would be dissuaded from engaging in the protected activity." *Poullard v. McDonald*, 829 F.3d 844, 856 (7th Cir. 2016). Bibbs fails to allege how the decision not to reassign Bibbs to the ACS beat, or a change in her beat assignments, would dissuade a reasonable employee from engaging in protected activity. *See Martinez v. Northwestern Univ.*, 173 F. Supp. 3d 777, 788 (7th Cir. 2016) ("by and large, a reassignment that

9

does not affect pay or promotion opportunities lacks the potential to dissuade a reasonable employee from making or supporting a charge of discrimination").

Furthermore, Bibbs still fails to allege it was the but-for cause of her protected activity. To prove causation, the plaintiff must show "the desire to retaliate was the but-for cause of the challenged employment action." *Gracia v. SigmaTron Int'l, Inc.*, 842 F.3d 1010, 1019 (7th Cir. 2016); *see also Nassar*, 133 S. Ct. at 2528. Bibbs alleges CNHI removed her from the ACS beat due to an alleged complaint about Bibbs from a third party and not for any protected activity, thus defeating her retaliation claim. (*See, e.g.*, Am. Compl. ¶ 39 ("In its clear attempt to placate Airhart after she complained to Underwood about Plaintiff's response to her emails by removing Plaintiff from the ACS beat...").) This, too, is fatal to her retaliation claims.

Finally, Bibbs' Amended Complaint makes no attempt to show causation. Not only does she not sufficiently allege she engaged in a statutorily protected activity, she fails to show how that statutorily protected activity alleged caused any adverse action and was the "but-for" cause at that. Her Amended Complaint offers nothing to show that anyone at CNHI harbored any unlawful retaliatory motive. In sum, Bibbs offers no facts that would permit her retaliation claims to proceed. These claims fail as a matter of law and should be dismissed.

### D.    Bibbs' Hostile Work Environment Claims Fail.

#### 1.    Bibbs Did Not Assert The Claim in Her EEOC Charge

As a threshold matter, Bibbs' Title VII hostile work environment claims fail because they were not raised in her EEOC Charge. A plaintiff must file an EEOC charge implicating a characteristic or activity protected by Title VII prior to filing suit under Title VII. *See Gibson v. West*, 201 F.3d 990, 994 (7th Cir. 2000); *Watson v. Madison Cty. Sheriff's Dep't*, No. No. 1:12-cv-1777-WTL-DML, 2013 WL 3154125, *2-3 (S.D. Ind. June 20, 2013). Bibbs did not assert a hostile work environment claim in her EEOC Charge and, therefore, her claims in this regard

must be dismissed.[6] *See Watson*, 2013 WL 3154125 at *2-3 (dismissing Title VII claim where plaintiff's EEOC charge did not assert it).

### 2. Bibbs' Hostile Work Environment Claim Fails Substantively

Bibbs' hostile work environment claims under any legal theory also fail on the merits. To the extent Bibbs alleges any claims for hostile work environment based on her race or sex, these too consist of conclusory allegations that do not sufficiently plead a claim for which relief may be granted. In determining whether an actionable hostile work environment claim exists, courts look at "all circumstances, including the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 (2002) (internal citations and quotations omitted). "[R]elatively isolated instances of nonsevere misconduct will not support a claim of a hostile environment." *Ngeunjuntr v. Metropolitan Life Ins. Co.*, 146 F.3d 464, 467 (7th Cir. 1998).

Bibbs provides bare assertions of a hostile work environment without describing any legally actionable harassment. She repeatedly alleges she was subjected to a hostile work environment but does not touch on what the unwelcome harassment actually was, how it was based on her race or sex, or how it was sufficiently severe or pervasive. (*See, e.g.*, Am. Compl. ¶¶ 18, 21, 41, 49, 52, 53.) Bibbs mentions (1) tone policing (Am. Compl. ¶¶ 20, 33-34); (2) questioning of sources (*id.* ¶¶ 25, 53); (3) the change in her beat assignment (*id.* ¶ 52); and/or (4) a complaint to management about Bibbs' calling the complaining party a white supremacist (*id.* ¶¶ 21, 48).

---

[6] Bibbs did not attach her Charge to her Amended Complaint. CNHI has attached it hereto as Exhibit A. A plaintiff's EEOC charge is deemed incorporated into the pleadings, and the Court may consider it without converting a motion to dismiss into a motion for summary judgment. *See Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014); *Stafford v. National RR Passenger Corp.*, 2011 WL 2462245 n.1 (S.D. Ind. June 17, 2011) ("the EEOC charge is … central to [Plaintiff's] claims. Accordingly, the Court will consider this document without converting [Defendant's] motion into a motion for summary judgment.").

11

However, this alleged conduct singularly or in totality does not rise to the level of a legally actionable hostile work environment.

Bibbs fails to allege conduct which would suggest "the workplace [was] permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). Tone policing, questioning of sources, a change in beat assignment, or a complaint about Bibbs from a third party do not suggest her work environment included discriminatory intimidation, ridicule, or insult that was so severe and pervasive it altered the conditions of her employment. While "a workplace need not be 'hellish' to constitute a hostile work environment," *Alamo v. Bliss*, 864 F.3d 541, 550 (7th Cir. 2017), the conduct Bibbs alleges in her Amended Complaint does not rise to the level of severe or pervasive conduct required to support a hostile work environment claim. *See Swyear v. Fare Foods Corp.*, 911 F.3d 874, 881 (7th Cir. 2018) ("We assume employees are generally mature individuals with the thick skin that comes from living in the modern world. . . . As a result, employers generally do not face liability for off-color comments, isolated incidents, teasing, and other unpleasantries that are, unfortunately, not uncommon in the workplace."); *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1988) ("offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment'").

Moreover, Bibbs' bare allegations do not suggest a reasonable person could find the environment hostile or demonstrate how the alleged harassment unreasonably interfered with Bibbs' work performance. Bibbs simply alleges she "had to work in a hostile work environment, based on a change from her prior employment conditions, which subjected her to a humiliating and degrading negative alteration in her work environment as a result of a reassignment of her

Anderson Community School beat." (Am. Compl. ¶ 52.) Courts have routinely dismissed similarly vague and conclusory allegations. *See e.g.*, *Kluge v. Brownsburg Comm. School Corp.*, 432 F. Supp. 3d 823, 849 (S.D. Ind. 2020) (granting motion to dismiss plaintiff's claim because "none of his allegations demonstrate that he was frequently harassed, threatened, or humiliated, or that his work environment became abusive," and statement that defendant's actions adversely affected his working conditions was conclusory and unsupported by any specific factual allegations); *Boniface v. Westminster Place*, No. 18-cv-4596, 2019 WL 479995, at *3 (N.D. Ill. Feb. 7, 2019) (dismissing plaintiff's claim because her allegations were vague and the complaint contained "no specific allegations suggesting that any conduct was physically threatening or verbally abusive or how it interfered with her work performance"). For all the foregoing reasons, Bibbs' hostile work environment claims should be dismissed.

## V. CONCLUSION

Bibbs cannot plausibly assert claims for discrimination, retaliation, or hostile work environment. She has filed an Amended Complaint but did not properly do so procedurally or within the deadline the Court had set, and her added allegations do not remediate the flaws fatal to her claims. For these and all the reasons above, CNHI respectfully requests that the Court strike Bibbs' Amended Complaint and/or dismiss it in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully Submitted,

LITTLER MENDELSON, P.C.

By: */s/ Craig M. Borowski* .
Craig M. Borowski (#22280-49)
Sarah A. Fox Ruddell (#35667-49)
111 Monument Circle, Suite 702
Indianapolis, IN 46204
Telephone: (317) 287.3600
Facsimile: (317) 636.0712
E-mail: cborowski@littler.com
sfox@littler.com
*Attorneys for CNHI, LLC, d/b/a The (Anderson, Ind.) Herald Bulletin*

## CERTIFICATE OF SERVICE

I certify that on March 7, 2023, I caused a copy of the foregoing to be filed electronically using the Court's CM/ECF system. Parties may access this filing through the Court's system. On this same day, I further caused a true and accurate copy of the foregoing to be sent to the following parties via First Class U.S. Mail, postage prepaid:

Rebecca R. Bibbs
440 N. 12th Street
New Castle, IN 47362
PRO SE

*/s/ Craig M. Borowski*

4855-1611-9637.1 / 112227-1001